**S.N. SANDS CORPORATION, a California corporation, dba/S&S Trucking, Plaintiff—Appellant,**

**and**

**Charlie Walker, an individual, Plaintiff,**

v.

**BRITISH PACIFIC AGGREGATES LIMITED, a British Columbia Corporation, Defendant—Appellee.**

No. 02–16787.
D.C. No. CV–01–01966–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2004.

Decided March 2, 2004.

Tommy A. Conner, Law Office of Tommy A. Conner, Woodside, CA, for Plaintiff–Appellant.

Terrence P. Goggin, Goggin & Goggin, San Francisco, CA, for Plaintiff.

William C. Wilka, Dudnick Detwiler Rivin & Stikker, LLP, San Francisco, CA, for Defendant–Appellee.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM [*]

Appellant S.N. Sands Corp. ("Sands") appeals the district court's summary judgment against its claims for (1) breach of contract as a third-party beneficiary; and (2) intentional interference with economic advantage. Sands also appeals the denial of leave to amend its pleadings. We affirm.

Sands did not raise a genuine issue of material fact as to whether British Pacific Aggregates Ltd. ("Bripac") promised Charlie Walker ("Walker") to condition its lease assignment on the use of Walker's trucking services. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Sands produced no evidence of an agreement between Bripac and Walker on this purported term. *See* CAL. CIV.CODE §§ 1698, 1559. Nor did Sands allege any lawful consideration that could support the existence of the purported agreement. CAL. CIV.CODE § 1605; 1 Witkin, Summary of Cal. Law, Contracts § 222.

In the absence of an agreement conditioning the lease assignment on the use of Walker's trucking services, there was no economic relationship creating a probable future economic benefit for Sands. *See Della Penna v. Toyota Motor Sales USA, Inc.,* 11 Cal.4th 376, 380 n. 1, 45 Cal. Rptr.2d 436, 902 P.2d 740 (1995). Summary judgment on Sands' claim for intentional interference with prospective economic advantage was therefore proper.

Sands knew the alleged facts supporting the proposed amendment to the pleading before the complaint was filed. The district court's denial of leave to amend the pleading was therefore not an abuse of discretion. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398–99 (9th Cir.1986).

**AFFIRMED.**

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.